Steven L. Wittels
**SANFORD WITTELS & HEISLER, LLP**
440 West Street, 2nd Floor
Fort Lee, NJ  07024
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
swittels@swhlegal.com

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

-----------------------------------------------------------x

| | | |
|---|---|---|
| GARY CISER and CISER COMPUTER CONSULTING, on behalf of themselves and all others similarly situated, | : : : | |
| Plaintiffs, | : | |
| - against - | : | **FIRST AMENDED COMPLAINT** (Civil Action) |
| NESTLE WATERS NORTH AMERICA INC., | : : | Civil Action No. 11-cv-5031 (WJM) |
| | : | |
| Defendant. | : | *JURY TRIAL DEMANDED* |

-----------------------------------------------------------x

Plaintiffs GARY CISER and CISER COMPUTER CONSULTING (collectively "Mr. Ciser" or "Plaintiff") bring this first amended complaint by his counsel Sanford Wittels & Heisler, LLP, in Mr. Ciser's individual capacity and on behalf of the class of persons defined below, and alleges for his complaint upon knowledge as to his own acts and otherwise upon information and belief, as follows:

1

## OVERVIEW OF NESTLE WATERS/POLAND SPRING'S
## WRONGFUL ACTS AND BASIS OF THIS ACTION

1. This lawsuit arises from oppressive late fees imposed by Defendant NESTLE WATERS NORTH AMERICA INC. through its bottled water divisions including Poland Spring Brand 100% Natural Spring Water, Arrowhead Brand 100% Mountain Spring Water, and Deer Park Brand 100% Natural Spring Water (hereafter collectively "Nestle Waters" unless otherwise specified, or "the Company," or "the Water Company."  Nestle Waters claims to be the largest bottled water company in the United States, with 41% of the bottled water market.

2. The water company charges its customers exorbitant and illegal late-fee penalties on bottled water deliveries.  These late fee penalties – some *as high as 75% or more of the overdue amount* – are nothing more than ripping off the client and so stratospheric they smack of usury.

3. Defendant Nestle Waters harms its customers by imposing a massively excessive late charge of typically $15 per month (up to $20) on untimely payments.  The Company assesses the late fee no matter how large the late fee percentage is relative to the overdue payment, or how many days overdue the payment might be.

4. Defendant's late fee can exceed 76% percent or more per annum and is unreasonable as a matter of law because it bears no reasonable relationship to the anticipated or actual costs Nestle Waters incurs as a result of a customer's untimely monthly payment, and/or is far beyond the boundaries of late charge rates customarily utilized by other bottled water and similar-type delivery companies in the nation.

5. Defendant Nestle Waters uses the punitive late fee to siphon extra money from its customers, generate profits, and enrich itself at the expense of unsuspecting consumers.  Nestle's practice of

charging for and keeping late fees that are grossly excessive constitutes a monetary punishment of many of the Company's customers.

6. Defendant Nestle Waters' exaction from its customers of a punitive late charge, constitutes a classic breach of contract and consumer fraud, and violates both the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., and the common law of New Jersey and all other States where the Company does business.

7. Plaintiff Mr. Ciser brings this class action under Fed. R. Civ. P. 23 to recover damages for himself and the class of Nestle Waters' customers who have suffered damages from Nestle Waters' imposition of an excessive late-payment penalty. Defendant Nestle Waters has filled its cash vaults by billing inordinate late charges and has thereby damaged Plaintiff and the Class. Only a class action will provide the class with any possibility of relief against Nestle Waters. Plaintiff and the Class are therefore entitled to class-wide remedy.

## JURISDICTION AND VENUE

8. This Court has federal subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 for the following reasons:

   (i)   the members of the proposed Plaintiff Class number in the thousands;

   (ii)  the amount in controversy – which may be calculated by aggregating the claims of the Class Members – exceeds five million dollars ($5,000,000);

   (iii) there is diversity of citizenship between any one member of the Class and the Defendant Nestle Waters North America Inc. Plaintiffs Gary Ciser and Ciser Computer Consulting are residents of New Jersey, while Defendant is headquartered in and is a resident of Connecticut.

  (iv)  Defendant is subject to personal jurisdiction in New Jersey. This lawsuit arises from the Defendant's wrongful conduct in New Jersey and Nestle Waters conducts business within the State.

9. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(a) (1) and (2). A substantial part of the events and the omissions giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

10. At all times relevant to this action, Plaintiff Gary Ciser was the sole owner and principal of Ciser Computer Consulting. Defendant Nestle Waters North America Inc. makes the Poland Spring water deliveries to Mr. Ciser and his wife Diane Ciser at their home in Westwood, N.J. Ciser Computer Consulting has been the entity billed for water deliveries by Nestle Waters (Poland Spring), however Mr. Ciser and his wife, and not Ciser Computer Consulting, personally pay the Nestle Waters' invoices.

11. Upon information and belief, Defendant Nestle Waters North America Inc. ("Nestle Waters") is a foreign corporation headquartered in Greenwich, Connecticut, is licensed to do business in New Jersey, and transacts business in this State.

12. Poland Spring Water Company is a division of Defendant Nestle Waters North America Inc. that provides bottled water products to homes and businesses.

13. According to its website, Defendant Nestle Waters, through its Poland Spring, Perrier, Arrowhead Mountain, and Deer Park divisions, as well as its other bottled bottle water brands, has become the largest bottled water company in the United States, and owns seven of the top ten bottled water brands.

## FACTUAL ALLEGATIONS

### Nestle Waters' Late Fee Constitutes an Unlawful Penalty

14. Defendant Nestle Waters charges a grossly excessive late fee on "overdue" payments. In most instances, this late fee is $15, regardless of how much is owed or how many days overdue the payment is. Nestle Waters charged Mr. Ciser a $15 late fee on multiple occasions between 2006 and 2009. On Mr. Ciser's January 2009 bill, Defendant charged virtually a 50% late fee: i.e., $15 on the $31.01 monthly charges owed.

15. Upon information and belief, Nestle Waters consistently charged its customers $15 late fees, ranging up to well over 50 percent of the invoices to which the fees attach. A Nestle Waters customer of Arrowhead Waters in California, another Nestle Waters' division, was assessed a $15 late fee on top of his $19.66 in monthly charges. When the customer called to complain, the Company threatened to put him into collection if he didn't pay up, including the exorbitant late fee. As the customer explained it: "The late fee is 76% of the bill."

16. Defendant Nestle Waters' website declares (in conflict with the policy on its invoices) that the Company's late fee is "the greater of (i) a late fee not to exceed $20 per month or (ii) interest of 1.5% per month on any unpaid amount from the invoice date until paid." The water colossus is well aware that its late fee likely subverts the maximum late fee charges allowed by law, and acknowledges on its website as follows:

> If the late fee or interest rate exceeds the maximum rate allowed by law, the late charge will be equal to such maximum rate.

17. Defendant Nestle Waters' late fee which is the greater of $15 (up to $20) or 1.5% interest per month, is a penalty which bears no reasonable relationship to the anticipated or actual harm

caused by the customer's failure to make his or her monthly payment on time, and is far beyond the customary late fee rate in the bottled water industry or in similar delivery-type industries.

18. Relying on Defendant's good faith, Ciser had no reason to believe in 2006-2009 that the company's late charges were not reasonably related to Nestle's actual and anticipated costs attributed to late payment. Ciser felt compelled to pay his entire bills, including the late fees.

## **CLASS ACTION ALLEGATIONS**

19. Plaintiff Mr. Ciser brings this action pursuant to Fed. R. Civ. P. 23 to recover damages on behalf of himself and two subclasses of Nestle Waters customers whom Defendant victimized and continues to victimize by charging and/or collecting unreasonably high late payment penalties. The action includes all such persons whom Defendant continues to so bill in the future.

20. Defendant Nestle Waters' excessive and unreasonable late fees constitute *inter alia,* a breach of contract in New Jersey and all States where the Company does business, violate the New Jersey Consumer Fraud Act, and also the common law of New Jersey and other states where Nestle Waters transacts business.

21. Defendant bills customers an unreasonably high and contractually-impermissible late charge that constitutes a penalty. Defendant bills all customers an excessive late charge regardless of the anticipated or actual harm Defendant suffers from the late payment (if any). In actuality, the late fees are a profit-producing scheme through which Nestle Waters swells its corporate coffers to the detriment of its customers.

22. Plaintiff seeks to represent the following two subclasses under Counts 1-3 whom Defendant charged excessive late fees:

Late Fee Penalty Subclass 1:

*All Nestle Waters' customers in New Jersey who were assessed and/or paid a late fee of $15 or more, from August 2005 to the date of judgment.*

Late Fee Penalty Subclass 2:

*All Nestle Waters' customers in all States where the Company does business who were assessed and/or paid a late fee of $15 or more, from August 2005 to the date of judgment.*

23. This action is properly brought as a class action for the following reasons:

(a) The class consists of thousands of persons and is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

(b) There exist questions of law and fact common to the class which predominate over any questions affecting only individual members including:

(1) whether the late fee Defendant Nestle Waters charges is unreasonable and a penalty and, therefore, unenforceable;

(2) whether Defendant Nestle Waters should be enjoined from continuing its unlawful practices, and

(3) whether Defendant Nestle Waters is liable to the Class and the measure of damages.

(c) Plaintiff Mr. Ciser's claims are typical of the claims of the Class. Like all class members, Plaintiff was injured by Nestle Waters' imposition of draconian late fees. In common with all class members, Plaintiff was billed an exorbitant late charge per month despite the fact that this amount is unrelated to the anticipated or actual harm Nestle Waters incurred from a customer's late payment, and/or is far in excess of industry standards. Plaintiff has suffered the same kind of

harm as other class members.

    (d) Plaintiff has hired counsel able and experienced in class action litigation and will fairly and adequately protect the interests of the class.

    (e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual damages to any one class member may be relatively small, making the expense of individual litigation prohibitive or impractical for class members.

### AS AND FOR A FIRST CAUSE OF ACTION

### VIOLATION OF N.J.S.A. § 56:8-1, ET SEQ., NEW JERSEY CONSUMER FRAUD ACT (LATE FEE PENALTY SUBCLASS 1 –NEW JERSEY CUSTOMERS)

24. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

25. Defendant Nestle Waters North America, Inc. has engaged in an unconscionable commercial practice under the New Jersey Consumer Fraud Act.

26. Defendant unlawfully billed Plaintiff and the Class unreasonable and excessive late-payment penalties, which penalties bore no reasonable relationship to the anticipated or actual harm sustained by Defendant from a customer's late payment on a Nestle Waters' invoice for bottled water and related services.

27. Defendant also unlawfully billed Plaintiff and the Class excessive and unreasonable late-payment penalties that were far higher than the customary late fee charges in the bottled water delivery industry.

28. Defendant committed an unconscionable, unlawful, deceptive, and unfair trade practice by charging its customers excessive late fees as a means of penalizing the customers for paying late rather than reimbursing defendant for its actual costs incurred as a result of receiving a late payment, or charging customers with rates customary in the industry.

29. As a result of Defendant Nestle Waters' unconscionable, unlawful, deceptive, and unfair trade practice, Plaintiff and other members of Subclass 1 have suffered injury and monetary damages in an amount to be determined at the trial of this action, and upon information and belief, in the tens of millions of dollars.

30. Pursuant to the New Jersey Consumer Fraud Act, this Court has the power to enjoin the continuation of Defendant's unlawful and unconscionable acts. Unless enjoined by this Court, Defendant will continue its practice of charging excessive late-payment penalties to its customers.

**AS AND FOR A SECOND CAUSE OF ACTION**

**VIOLATION OF COMMON LAW**
**(LATE FEE PENALTY SUBCLASSES 1 & 2 –  NEW JERSEY CUSTOMERS AND ALL CUSTOMERS IN OTHER STATES WHERE DEFENDANT DOES BUSINESS)**

31. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

32. Defendant Nestle Waters North America, Inc. has engaged in an unlawful scheme with respect to Plaintiff and the Class who it has billed unreasonable and excessive late payment penalties on invoices for bottled water deliveries and related services.

33. Defendant's late fee is in reality an excessive penalty that bears no reasonable relationship to the

anticipated or actual harm incurred by Defendant from a customer's late monthly payment, and/or is grossly excessive when compared to late fees customarily charged by other bottled water delivery companies.

34. Defendant's conduct violates the common law of New Jersey and all other States where Defendant does business.

35. Based on Defendant's unlawful scheme to impose an unreasonable penalty for late monthly payments, Plaintiff and other members of the Late Fee Penalty Subclasses 1 & 2 have suffered injury and monetary damages in an amount to be determined at the trial of this action, and upon information and belief, in the tens of millions of dollars.

36. As a result of Defendant's violation of common law, this Court has the power to enjoin the continuation of Defendant's unlawful imposition of a penalty for untimely monthly payments. Unless enjoined by this Court, defendant will continue its unlawful scheme to the detriment of Plaintiff and the Class.

## AS AND FOR A THIRD CAUSE OF ACTION

**UNJUST ENRICHMENT UNDER NEW JERSEY LAW**
**(LATE FEE PENALTY SUBCLASSES 1 & 2– NEW JERSEY CUSTOMERS AND ALL CUSTOMERS IN OTHER STATES WHERE DEFENDANT DOES BUSINESS)**

37. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

38. Because of the wrongful activities described above, including billing Plaintiff for excessive late fees, defendant Nestle Waters North America, Inc. has received money belonging to the Plaintiff and the Class.

39. By collecting exorbitant late fee penalties from its customers, Defendant has benefited from receipt of the excessive late fees, and under principles of equity and good conscience, Defendant should not be permitted to keep this money.

40. Defendant has reaped illegal profits and unjustly enriched itself at the expense of Plaintiff and the members of Subclasses 1 & 2.

41. As a result of Defendant's collection of these excessive late fees, Defendant must account to the Plaintiff and class members for such unjust enrichment and disgorge its unlawful profits.

42. By reason of the foregoing, Plaintiff and the Class have suffered injury and money damages in an amount to be determined at the trial of this action, and upon information and belief, in the tens of millions of dollars.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for judgment:

A. declaring this action to be maintainable as a class action;

B. awarding compensatory damages to Plaintiff and the class members;

C. awarding treble damages pursuant to law;

D. enjoining Defendant from continuing to implement its unlawful and illegal trade practices and schemes;

E. awarding Plaintiff all costs and disbursements, including attorneys' fees, experts' fees, and other class action related expenses;

F. awarding pre-judgment and post-judgment interest to the class members on their damages;

G. awarding total damages in excess of $50,000,000; and

H. granting such other and further relief as may be just and proper.

## **Jury Demand**

Plaintiff and the Class demand a trial by jury of all issues.

Dated:  Fort Lee, New Jersey
         November 18, 2011

                                          /s/
                                          Steven Wittels
                                          **SANFORD WITTELS & HEISLER, LLP**
                                          440 West Street, 2nd Floor
                                          Fort Lee, NJ  07024
                                          Telephone: (646) 723-2947
                                          Facsimile: (646) 723-2948
                                          Email: swittels@swhlegal.com

                                          *Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via ECF this 18th day of November, 2011 upon the following counsel of record:

**Jeffrey Garrod**
Orloff, Lowenback, Stifelman & Siegel, P.A.
101 Eisenhower Parkway, Suite 400
Roseland New Jersey 07068-1097
(973) 622-6200
jmg@olss.com

*Attorneys for Defendant*


____/s/ Steven L Wittels_____
        Steven L. Wittels