UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GARY CISER and CISER COMPUTER CONSULTING,** on behalf of themselves and all other similarly situated, | 11-CV-5031 |
| Plaintiffs, | OPINION |
| v. | |
| **NESTLÉ WATERS NORTH AMERICA, INC.,** | |
| Defendant. | |

Plaintiffs Ciser Computer Consulting ("CCC") and Gary Ciser bring this putative class action against Defendant Nestlé Waters North America, Inc. ("Nestlé Waters") alleging violations of the New Jersey Consumer Fraud Act ("NJCFA"), and an unnamed common law, as well as unjust enrichment. This matter comes before the Court on Nestlé Waters' motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for lack of standing and failure to state a claim upon which relief can be granted.[1] There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons discussed below, Nestlé Waters' motion is **GRANTED**.

I.   BACKGROUND

Gary Ciser owns CCC. Am. Compl. ¶ 10, ECF No. 11. From 2006 through 2009, Nestlé Waters provided CCC with bottled Poland Spring water on a monthly basis. *Id.* ¶ 14. Though the contract was in CCC's name, Ciser paid the bills with his own money. *Id.* ¶ 10. He did not always pay on time. When he was late, Nestlé Waters charged late fees. Some of those fees are reflected in the following chart:

---

[1] The Court does not reach the Rule 9(b) arguments in this decision. The Court analyzes Nestlé Waters' standing arguments under Federal Rule of Civil Procedure 12(b)(1), not Federal Rule of Civil Procedure 12(b)(6). *See Farmer v. Hayman*, No. 6-3084, 2007 WL 2066380, at *2 n.4 (D.N.J. July 13, 2007).

| Monthly Charge | Late Fee | Late Fee As Percentage of Monthly Charge |
| --- | --- | --- |
| $ 31.01 | $ 15 | 48.4% |
| $ 48.94 | $ 15 | 30.6% |
| $ 53.94 | $ 15 | 27.8% |
| $ 83.15 | $ 15 | 18% |
| $ 170.94 | $ 15 | 8.8% |

*See* Compl. ¶¶ 24-25, 30-31, ECF No. 1; Elliot Declaration, ECF No. 8-1.  Ciser argues that these late fees were so excessive as to be unenforceable under New Jersey law.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

When a defendant brings a "facial" challenge to plaintiff's standing, the Court "must accept all allegations in the complaint as true and draw reasonable inferences in favor of the plaintiff." *Lawrence v. Emigrant Mortg. Co.*, No. 11-3569, 2012 WL 1108532, at *4 (D.N.J. Mar. 30, 2012).

### B.   Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678.

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). But courts may consider indisputably authentic documents referenced in a complaint. *See Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Nestlé Waters provided the Court with bills referenced in Plaintiffs' complaint. Plaintiffs do not dispute the authenticity of the bills. Accordingly, the Court will consider the bills for purposes of the instant motion.

### III.  STANDING

Nestlé Waters argues that CCC and Ciser lack standing to bring their claims. The Court finds that Ciser has standing but CCC does not.

Article III Standing consists of: "(1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision." *McCray v. Fid. Nat. Title Ins. Co.*, 682 F.3d 229, 243 (3d Cir. 2012) (quoting *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005)). The Court must conduct a separate standing analysis for each claim. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Plaintiffs do not even attempt to argue that CCC has standing. Indeed, it is difficult to imagine what argument they could make. Ciser paid CCC's bills, so CCC did not suffer an injury that could be redressed by a favorable decision of this Court. Accordingly, CCC lacks standing, and the Court will **DISMISS** its claims **WITHOUT PREJUDICE**.

Ciser, on the other hand, has standing to bring his claims. First, Ciser alleges an injury-in-fact under the NJCFA. The NJCFA protects consumers who suffer an ascertainable loss. *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 360-61 (D.N.J. 2006) ("[T]he only prerequisite for maintenance of a private action to remedy a violation of the Consumer Fraud Act is that a plaintiff must present a claim of ascertainable loss."). Ciser incurred an ascertainable loss when he paid allegedly unenforceable late fees. Second, Ciser alleges causation. For purposes of the standing analysis, a plaintiff establishes causation when he demonstrates an injury "traceable to the challenged actions of the defendants."

3

*Hospital Council of Western Pennsylvania v. City of Pittsburgh*, 949 F.2d 83, 87 (3d Cir. 1991) (internal quotation and citation omitted). Ciser's alleged injury can be traced to the late charges on Nestlé Waters' bills. Third, because Ciser's alleged injuries are purely monetary, his injuries can be redressed. Accordingly, Ciser has standing to bring his NJCFA claim. Ciser has standing to bring his common law claims for the same reasons.

## IV. DISCUSSION

Ciser's Amended Complaint contains three counts: NJFCA (Count I), an unidentified "common law" (Count II), and unjust enrichment (Count III). Underlying each of these counts is an argument that Nestlé Waters' late fees were unenforceable. *See* Am. Compl. ¶¶ 26, 33, 39. On the facts alleged, this argument fails.

Under New Jersey law, "[a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." *MetLife Capital Fin. Corp. v. Washington Ave. Assocs. L.P.*, 159 N.J. 484, 494 (1999) (quoting Restatement (Second) of Contracts § 356)). Late fees are liquidated damages. *See id.* at 505. In *Metlife*, the Supreme Court of New Jersey assessed the reasonableness of late fees by considering "[the] difficulty in assessing damages, intention of the parties, the actual damages sustained, and the bargaining power of the parties," as well as "common practice in a competitive industry." *Id.* at 495, 497. Though *Metlife*'s holding "applies only to commercial loan transactions," *id.* at 502, the Court will assume, along with Ciser, that *Metlife* controls in this case. *See* Pl.'s Br. 18-19, 21, ECF No. 13.

As far as the Court can tell, Ciser paid a $15 late fee regardless of whether his underlying bill was $31.01 or $170.94. *See* Elliot Declaration. Ciser argues that the $15 late fees were

> unreasonable as a matter of law because [they] bear[] no reasonable relationship to the anticipated or actual costs Nestlé Waters incurs as a result of a customer's untimely monthly payment, and/or [are] far beyond the boundaries of late charge rates customarily utilized by other bottled water and similar-type delivery companies in the nation.

Am. Compl. ¶ 4. Ciser's allegations are conclusory and will be disregarded for purposes of the motion to dismiss. *Iqbal*, 556 U.S. at 678. Ciser says nothing about the "anticipated or actual costs Nestlé Waters incurs as a result of a customer's untimely monthly payment." And he says nothing about rates charged by "other bottled water and similar-type delivery companies in the nation."

4

Because Ciser's allegations are conclusory, the Court will **DISMISS** his claims **WITHOUT PREJUDICE**. *See Edlow v. RBW, LLC*, 688 F.3d 26, 38 (1st Cir. 2012) (dismissing claim for excessive liquidated damages where plaintiff offered "[the] conclusory assertion that the liquidated damages amount is not reasonably related to anticipated damages . . . [and plaintiff] allege[d] no facts to support that conclusion.").

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. CCC's claims are **DISMISSED WITHOUT PREJUDICE** for lack of standing. Ciser's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. The Court will grant Ciser leave to file a Second Amended Complaint within 30 days. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: January 30, 2013**